IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON L. CARTER,<br>         Plaintiff, | )<br>)<br>)   Civil Action No. 2: 13-cv-00806 |
| v. | )   United States Magistrate Judge<br>)   Cynthia Reed Eddy |
| POLICE OFFICER WINTRUBA, et al.,<br>         Defendants. | )<br>) |

**MEMORANDUM AND ORDER**

On June 13, 2013, Jason L. Carter, a prisoner presently incarcerated at the Allegheny County Jail in Pittsburgh, Pennsylvania, filed a Motion for Leave to Proceed In Forma Pauperis (ECF No. 1), which included a Motion for Appointment of Counsel that was docketed as an Exhibit to the Motion for IFP status (ECF No. 1-5), pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983. Plaintiff asserts that various police officers of the Boroughs of Homestead and West Homestead, Pennsylvania, unlawfully arrested him in violation of the Fourth Amendment in retaliation for exercise of his First Amendment rights during a vehicle search, illegally detained and strip searched him at the police station without justification, and denied him due process and equal protection guaranteed by the Fourteenth Amendment. Plaintiff also claims the police officers conspired to violate his civil rights, and that the Boroughs are liable for the violations because of their failure to train and supervise their police officers.

On July 17, 2013, Plaintiff filed an Authorization permitting withdrawal of prison account funds to pay filing fee, and an Amended Motion for Appointment of Counsel (ECF No. 4). Plaintiff's application for leave to proceed in forma pauperis was granted on July 23, 2013, and service has not yet been made. On July 23, 2013, Plaintiff's original Motion for Appointment of Counsel at (ECF No. 1-5) was filed by the Clerk of Court at (ECF No. 9). In his motions for appointment of counsel, Plaintiff lists the attorneys he has contacted to represent him, and requests this Court to appoint a named attorney or, alternatively, another member of the

Pennsylvania Bar.

In the case of *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), the Court of Appeals for the Third Circuit identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915. The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. 6 F.3d at 157. The court also recognized that there are many cases in which district courts seek to appoint counsel but there is simply no one willing to accept appointment. The court stated:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decisions in this area.

*Id*. at 157, n.7.

The court further recognized that volunteer lawyer time is extremely valuable and "precious commodity," and cautioned district courts not to request counsel indiscriminately, stating that "[b]ecause this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." *Id*. at 157. Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

*Tabron* identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d) [now subsection (e)]. First, the Court must consider the merits of the plaintiff's claim.  It should not appoint counsel unless it appears that the claim has some merit in fact and law.  *Tabron*, 6 F.3d at 155.  Other factors a court should consider include the plaintiff's ability to present his or her case; the plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English; restraints placed upon him or her by confinement; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery and compliance with complex discovery rules; whether the case is likely to turn on credibility determinations; whether the case will require testimony from expert witnesses; and whether an indigent plaintiff could retain counsel on his or her own behalf.

This case has only been recently filed and it is not yet clear to the Court whether it has any merit, either in fact or in law.  It may present complex credibility determinations but at the present stage it is too early to make that determination.  As a *pro se* litigant plaintiff will have the benefit of *Haines v. Kerner*, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe *pro se* pleadings.  Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases *pro bono*, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation.

Additionally, this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Aside from all of the circumstances surrounding every incarcerated litigant, Plaintiff has set forth no special circumstances that warrant granting counsel at this time. Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request.

Accordingly, Plaintiff's Motion and Amended Motion for Appointment of Counsel under 28 U.S.C. § 1915(e) shall be denied.[1]

**AND NOW**, this 25th day of July, 2013;

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 9) and Amended Motion for Appointment of Counsel (ECF No. 4) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the parties are allowed fourteen (14) days from this date to appeal this order to a district judge pursuant to the Local Rules for Magistrate Judges. Failure to appeal within fourteen (14) days shall constitute waiver of the right to appeal.

*s/ Cynthia Reed Eddy*
Cynthia Reed Eddy
United States Magistrate Judge

cc:   Jason L. Carter, No. 91382
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219

---

[1] The Court is aware that Rule 17(c)(2) of the Federal Rules of Civil Procedure provides an alternate authority for appointing counsel in limited circumstances, none of which are present in the instant action. See Powell v. Symons, 680 F.3d 301 (3d Cir. 2012).