# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON L. CARTER,<br>　　　　Plaintiff, | )<br>)<br>) Civil Action No. 2: 13-cv-00806 |
| v. | ) United States Magistrate Judge<br>) Cynthia Reed Eddy |
| POLICE OFFICER WINTRUBA, et al.,<br>　　　　Defendants. | )<br>) |

## MEMORANDUM OPINION[1]

On June 13, 2013, Jason L. Carter, a prisoner formerly incarcerated at the Allegheny County Jail in Pittsburgh, Pennsylvania, filed this action *pro se*, pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983. In his Complaint (ECF No. 7), Plaintiff asserts that various police officers of the Boroughs of Homestead and West Homestead, Pennsylvania, unlawfully arrested him in violation of the Fourth Amendment in retaliation for exercise of his First Amendment rights during a vehicle search, illegally detained and strip searched him at the police station without justification, and denied him due process and equal protection guaranteed by the Fourteenth Amendment. Plaintiff also claims the police officers conspired to violate his civil rights, and that the Boroughs are liable for the violations because they failed to train and supervise their police officers.

---

[1] Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Consent of all parties to a case gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D.Pa. 2007). "[S]o long as consent [to Magistrate Judge jurisdiction] is clear and unambiguous, it is effective." *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d at 535; *Roell*, 538 U.S. at 591 (consent may be inferred from parties' actions). All parties have filed election forms consenting to jurisdiction before a United States Magistrate Judge.

On December 9, 2013, Police Officer James M. Wintruba, Police Officer John Sopcak, Police Officer Ian Strang and the Borough of Homestead filed a Motion to Dismiss to be Treated as a Motion for Summary Judgment (ECF No. 28), pursuant to Fed.R.Civ.P. 12(b) and 12(d), seeking judgment in their favor on the basis of qualified immunity (for the individual officers) and, on the merits, on the grounds that the Complaint and exhibits attached to their Amended Concise Statement of Material Facts (ECF No. 33) and in their Amended Appendix (ECF No. 34) establish, as a matter of law, that Plaintiff cannot met his burden of proving the elements of his civil rights claims.

On January 20, 2014, the Borough of West Homestead and the West Homestead Police Department filed a Motion to Dismiss (ECF No. 33) pursuant to Fed.R.Civ.P. 12(b), or for summary judgment pursuant to Fed.R.Civ.P. 12(d), also relying on materials outside the pleadings.

The remaining defendant, Police Officer Jason Trout, filed a Motion for Summary Judgment (ECF No. 40) on February 27, 2014.

Plaintiff was directed to file his responses to each of the defendants' dispositive motions by May 30, 2014, and was explicitly instructed that "[f]ailure to file responses or briefs in opposition shall be deemed an abandonment or failure to prosecute Plaintiff's claims, and will be grounds for dismissal of Plaintiff's complaint with prejudice and without further notice of Court." Order of Court dated April 23, 2014 (ECF No. 42). Plaintiff has not responded to any of the dispositive motions, nor has he sought an enlargement of time within which to respond or communicated with the Court in any fashion.

A plaintiff's failure to comply with court orders may constitute a failure to prosecute the action, rendering the action subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as adjudication on the merits.

Fed. R. Civ. P. 41(b).

By its plain terms, a district court has the power to dismiss a claim of a plaintiff pursuant to Fed R. Civ. P. 41(b) on motion of a defendant, for failure to comply with an order of the court. A federal court also has the inherent authority to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); *Mindek v. Rigatti,* 964 F.2d 1369 (3d Cir. 1992) (dismissal was appropriate response to deliberate defiance of court orders where district court judge determined that no other sanction would adequately insure future compliance). *See also Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) ("authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Link* 370 U.S. at 630–31).

In determining whether to dismiss an action for failure to prosecute, the court must

balance the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1994). These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

*Poulis* does not, however, "provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed" by the Court of Appeals for the Third Circuit. *Mindek*, 964 F.2d at 1373. The decision is committed to the sound discretion of the trial court, *Collinsgru v. Palmyra Bd. of Educ.,* 161 F.3d 225, 230 (3d Cir. 1998), and a great deal of deference will be given the district court which is in the best position to weigh all of the *Poulis* factors and any other pertinent matters. *Mindek*, 964 F.2d at 1373 ("the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.").

Moreover, the Court of Appeals for the Third Circuit has recognized that "no single *Poulis* factor is dispositive," *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003), and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373. S*ee also Allen v. American Fed. of Gov't Emp.*, 317 Fed. App'x 180, 181 (3d Cir. 2009)

(holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the *Poulis* factors when plaintiff failed to file an amended complaint as ordered by the court).

With the above principles as our guidepost, this Court will review the *Poulis* factors in this case, *seriatim*.

(1)     The extent of the party's personal responsibility.  The court notes that the plaintiff is proceeding *pro se*.  Hence, he bears sole responsibility for the failure to file any response to three dispositive motions to dismiss or for summary judgment.

(2)     Prejudice to the adversary. Plaintiff's failure to respond to Defendants' serious motions for dismissal or for summary judgment obviously prejudices defendants who remain in limbo and must continue to endure the anxiety associated with this type of litigation. While the prejudice would not appear to be overwhelming, this factor weighs slightly in Defendants' favor.

(3)     History of dilatoriness. This case was filed about one year ago, and other than his failure to respond to the three dispositive motions, there is not much of a history of dilatoriness. Thus, this factor is not significant, although it is certainly some indication that Plaintiff has lost interest in his action.

(4)     Whether the conduct of the party or the attorney was willful or in bad faith. In the absence of any communication from Plaintiff or response to any of the three dispositive motions, it is not possible to determine if the failure to respond was willful or in bad faith. Thus, this factor is a neutral consideration.

(5)     Effectiveness of sanctions other than dismissal.  If Plaintiff has in fact lost interest in pursuing his case, which would appear to be the case, it seems there is little else to do.  His

civil action has been challenged by three sets of Defendants, and yet he has not responded to the real threat of dismissal posed by the motions.

(6) Meritoriousness of the claim or defense. Plaintiff faces some major obstacles in his lawsuit, including a *Heck v. Humphrey* bar[2] to at least some of his claims, and the Borough of West Homestead and its Police Department's argument for summary judgment because the individual police officers named in the lawsuit are not employed by the Borough of West Homestead.

At least four of the six *Poulis* factors weigh strongly in favor of dismissal. Accordingly, this action should be dismissed with prejudice for Plaintiff's failure to prosecute.

Out of an abundance of caution, however, this Court will give Plaintiff one **final** opportunity to respond to the dispositive motions on or before **June 23, 2014**. Failing to do so, this Court will enter an order dismissing his case with prejudice and without further notice.

Date: June 9, 2014                                  *s/ Cynthia Reed Eddy*
                                                    Cynthia Reed Eddy
                                                    United States Magistrate Judge

cc:
Jason L. Carter
153 Rosewood Street
Washington, PA 15301

---

[2] *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). "Under *Heck*, a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005). Under *Heck*, the court must dismiss a section 1983 claim if finding in plaintiff's favor would "necessarily imply the invalidity of a prior criminal conviction." *Lora–Pena v. FBI*, 529 F.3d 503, 505 (3d Cir. 2008). Plaintiff's claims of unlawful arrest (at least) appear to be on shaky grounds. *See, e.g., Rosembert v. Bor. of E. Lansdowne*, --- F.Supp.2d ----, 2014 WL 1395032, *3 (E.D.Pa. 2014) (because his civil rights claims would call into question the validity of his conviction under the circumstances, "Plaintiff's claims for illegal search and false arrest are *Heck*-barred").